had no interest which party received it; and, 2. If Henry Cole was interested, he might be called to testify against his interest, if the party chose to risk his testimony, and his declarations to the wife rested on the same footing. (1 *Phill. Ev.*, 70; 1 *Hill's Rep.*, 63.)

*By the Court.*—Communications between husband and wife are regarded as confidential and privileged, whenever brought in to charge the husband, either during his life, or his estate after his death. Though the husband, if alive, might charge himself by his own admissions in evidence by himself, or proved by another, policy protects him from such proof by the wife. If the witness has any knowledge of the relation of landlord and tenant, derived from any other source than the husband, she may prove it; but she will not be allowed to disclose the communications of her husband to her.

Proof was then offered of the occupation, and *rental value* of the house; to which,

*Mr. Saulsbury* objected, on the ground that the claim of the landlord for rent out of proceeds of sale by execution, can be allowed only of such rent as could be destrained for, namely, money rent, or rent by shares reduced to a certainty. Compensation for use and occupation cannot be so deducted.

*The Court* were of this opinion; and awarded the money to the execution creditor.

*Saulsbury*, for the execution creditor.
*Fisher*, for the landlord.

---

## JAMES M. JOHNS, garnishee of HENRY THOMAS vs. JOHN ALLEN.

Money of a client cannot be attached in the hands of his attorney in court.

At the instance, and with the consent of James M. Johns, an attorney of this court, a rule was laid on him to show cause why the sum of $52 70 in his hands, as the attorney of Henry Thomas, should not be paid over.

*Mr. Johns* stated upon affidavit, that the money had been paid to him, as the attorney of Thomas, in a suit which resulted in a reference, award and judgment against Edward Sheppard, administrator of John Miles, deceased. That since the money was so received by

him, an attachment had been laid in his hands, from a justice of the peace, at the suit of John Allen, against Henry Thomas, requiring him to appear and answer as the garnishee of said Thomas.

The question was, whether the said fund was liable to be attached in the hands of the attorney. (*Dougl. Rep.*, 269.)

*Mr. T. F. Bayard* argued—1. An attachment will not lie against a mere trustee. (*Plunkett* vs. *Le Huray*, 4 *Harr. Rep.*, 436.) An attorney is to be regarded as the trustee of his client, and monies collected by him, are to be considered as subject to a resulting trust for the use of the client.

2. Can an officer of the Superior Court be compelled to answer, under oath, to an attachment, for property received by him *under an order of court, and as an officer* thereof? Money paid into the hands of an officer of the court is subject to its order, which may be made *even after* an attachment taken before a justice of the peace; and the jurisdiction and authority of this court are *paramount and summary.* (3 *Serg. on For. Att.*, 98.)

3. By the implication from the text of Judge Sargent, it seems most decidedly to have been his opinion, that it *was necessary* for the money to pass *out of the hands of the attorney, before* it can be attached.

It is competent for this court to make such rules in relation to their own officers, as shall seem to be demanded by public policy and convenience, and in accordance with the general spirit of law and equity. It will lead to great inconvenience, if attorneys of this court, into whose hands monies are every day paid for the use of their clients and other trust purposes, are to be compelled to answer to attachments issued by justices of the peace from all parts of the county, even in conflict with the orders of, and necessary attendance upon this court.

4. Can an attorney, an officer of this court, be compelled to answer under oath, and disclose facts relating to his client's affairs, without conflict with the rule relating to the exclusion of confidental communications between counsel and client.

*The Court,* after consideration, but without delivering an opinion, made the rule absolute.